IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| THOMAS TINER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 5:22-CV-208-H-BQ |
| | § | |
| CECILE YOUNG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

In pro se Plaintiff Thomas Tiner's Complaint, he asks the Court to "issue Injunction Temporary Restraining Order." ECF No. 1. The Court construes Tiner's request as a motion for a temporary restraining order (TRO).

In his Complaint, Tiner alleges that Texas Health and Human Services (THHS) and its employees, including Commissioner Cecile Young, "security officer Hamilton, and local case manager Garcia," abused their power and discriminated when they wrongfully accused him of selling or giving away food stamp cards, resulting in Tiner's denial of any further "public assistance of food stamps." *Id.* (cleaned up). Tiner asserts he "spent 31 days in jail for dumpster diving because [he] [had] no money to get food." *Id.* (emphasis omitted). Based on the purported wrongful denial of assistance, Tiner asks the Court to remove Defendants from their jobs. *Id.*

After considering Tiner's pleading and applicable law, the undersigned recommends that the United States District Judge **DENY** the motion without prejudice to Tiner's right to request injunctive relief in the future should circumstances change.[1]

---

[1] Tiner has not consented to proceed before a magistrate judge. In accordance with the order of referral and 28 U.S.C. § 636(b), the undersigned enters these findings, conclusions, and recommendation. *See* ECF No. 3 (referring this case automatically in accordance with *Special Order 3-251*).

I.  **Legal Standard**

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). Courts should not grant injunctive relief "routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction or TRO, a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;
2. A substantial threat of irreparable injury if the injunction is not granted;
3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and
4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue"); *Bar J-B Co. v. Tex. Dep't of Transp.*, No. 3:18-cv-0576-M, 2018 WL 2971138, at *1 (N.D. Tex. Mar. 13, 2018) (internal quotation marks and citation omitted) (explaining that a movant must establish the elements of a preliminary injunction to obtain a TRO because "[a] TRO is a highly accelerated and temporary form of preliminary injunctive relief").

II.  **Analysis**

As an initial matter, the Court observes that Tiner has not provided notice of his request for injunctive relief to all opposing parties. *See* ECF No. 1 (averring that he served THHS but not

the individual Defendants). Under Fed. R. Civ. P. 65(b)(1), the Court may issue a TRO without notice to an adverse party, but only where: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) the movant "certifies in writing any effort made to give notice and the reasons why it should not be required."

Tiner has not shown that service on THHS is sufficient for purposes of serving Defendants Young, Hamilton, and Garcia, nor has he satisfied either element of Rule 65(b). For this reason alone, his motion should be denied. *See Castro v. City of Grand Prairie*, No. 3:21-CV-885-L, 2021 WL 1530303, at *2 (N.D. Tex. Apr. 19, 2021) (denying pro se plaintiff's request for TRO because he had only served individual defendants—not the city or county defendants—and had not satisfied Rule 65(b)'s requirements).

Turning to the substance of his request, Tiner alleges in his Complaint that Defendants unlawfully denied him food stamps.[2] ECF No. 1. Tiner has failed to satisfy his burden of producing adequate evidence, through affidavit, verified complaint, or other means, establishing the requisite elements to obtain relief. Tiner's Complaint is not verified and contains no affidavit. *See id.* Moreover, Tiner cannot demonstrate a likelihood of success on the merits. "To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent."[3] *Priester v.*

---

[2] Tiner's conclusory TRO request in his Complaint also fails to satisfy Local Civil Rule 7.1, which requires parties to file a brief in support of their request. *See* N.D. Tex. Loc. Civ. R. 7.1(h).

[3] Tiner references "discrimmiationn racion [sic all]" in his Complaint. ECF No. 1. The Court construes Tiner's allegation as raising a racial discrimination claim, but to the extent Tiner asserts Defendants discriminated for another reason, a similar analysis would apply. *See Gibson v. Tex. Dep't of Ins.—Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (setting out framework for analyzing attorney's § 1983 equal protection claim alleging Texas law discriminated against a protected class); *see also Cook v. Hopkins*, 795 F. App'x 906, 914–15 (5th Cir. 2019) (per curiam) (considering plaintiff's claim that defendants discriminated based on her "race, gender, socioeconomic background, and status as a domestic-violence victim").

*Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004) (internal quotation marks and citation omitted). "A discriminatory purpose implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.* (internal quotation marks and citation omitted).

Tiner pleads no facts showing Defendants acted with discriminatory purpose. ECF No. 1. To the contrary, Tiner indicates that Defendants discontinued his benefits because they believed he had sold or given his benefits card to someone. *See id.* Because Tiner cannot show at this stage that Defendants violated his constitutional rights, Tiner has not demonstrated a likelihood of success on the merits.

In addition, Tiner has not shown he suffered irreparable injury or that the threatened harm to him outweighs any harm the injunctive relief might cause Defendants. To the extent Tiner's alleged harm stems from his ostensible incarceration, he acknowledges he has been released. ECF No. 1. Thus, any injunctive relief in that regard would be moot. *See, e.g., Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) ("The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot."). Moreover, Tiner's claim that he improperly received jail time due to inability to purchase food could be remedied through an award of money damages. *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.*, 804 F.2d 1390, 1394 (5th Cir. 1986) (providing that to show irreparable injury, a plaintiff must show, inter alia, "that money damages would not fully repair the harm"). Further, Tiner does not allege he currently cannot obtain food, and he does not ask for reinstatement of benefits. ECF No. 1.

Instead, Tiner asks the Court to terminate Defendants' employment. *Id.* Such action would (1) cause significant harm to Defendants, (2) not serve the public interest, and (3) improperly inject the Court into state affairs. *Cf. Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (observing that when "the exercise of authority by state officials is attacked, federal courts must be constantly mindful

of the 'special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law'" (citation omitted)). Tiner has pleaded no facts establishing a public interest that would be served by issuing the requested injunctive relief.

Because Tiner did not comply with Rule 65(b)'s requirements and has failed establish the four elements required for obtaining a TRO, the undersigned concludes the district judge should deny his motion.

### III.   Recommendation

Based on the foregoing reasons, the undersigned recommends that the United States District Judge deny Tiner's motion. ECF No. 1.

### IV.   Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated: October __4__, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE